SECOND UNITARIAN SOC. v. GRANT et al.

(Circuit Court, D. Maine. February 28, 1893.)

No. 395.

TRUSTS—PURCHASE OF TRUST ESTATE—LIABILITIES OF PURCHASER.
  Where a person purchases the trust estate for the benefit of the cestui
  que trust, having actual knowledge of an existing decree of a competent
  court that the trustee conveyed to the cestui que trust on being reimbursed
  for his expenditures in administering the trust, the purchaser stands in the
  shoes of the original trustee, and cannot incorporate in his deed to the ben-
  eficiary a condition not warranted by the original trust.

In Equity. Bill by the Second Unitarian Society in Portland
against Josephine F. Grant, Mary E. Paine, William E. Greeley,
Dorothea Greeley, and Hugh P. Greeley, to quiet complainant's title
to certain real property. Hannah B. Greeley was made guardian ad
litem for William E. Greeley, Dorothea Greeley, and Hugh P. Gree-
ley. Heard on amended bill, answer, and replication. Decree for
complainant.

The Second Unitarian Society in Portland, Me., held the legal title to two
thirds in common and undivided of the land occupied by it for purposes of wor-
ship, the legal title to the remaining one third being in one Samuel Winter, who
held in trust for the said society. Winter, with two others, had bought the
property for the uses of the society, and given their joint note therefor. The
other two promisors on the note conveyed to the society their interest in con-
sideration of their outlay, and the administrators of Winter were decreed by
the supreme judicial court of Maine to do likewise with his interest, on the
same terms. William E. Greeley, a member of the parish, thoroughly familiar
with these facts, was appointed, together with the parish committee, to pur-
chase the outstanding one-third interest, which was accordingly sold to Gree-
ley by the administrators of Samuel Winter's estate, acting under license from
the probate court. The society thereupon tendered to Greeley the purchase
price and his charges and costs in making the purchase, and demanded a re-
lease of all his interest in the property. He refused this, but gave a deed con-
ditioned upon the continuous use of the property by a Unitarian society; in
case of breach the property to revert to Greeley's heirs. The society accepted
this deed with a formal protest, which was entered on the parish records. In
the year 1890 the society allowed the property to be used as a Presbyterian
church. Greeley's heirs thereupon began an action at law in this court to re-
cover the undivided one-third interest in the property. The Second Unitarian
Society now seeks an injunction to restrain the further prosecution of the
action at law, and that the heirs of Greeley be decreed to execute and deliver
to complainant a quitclaim deed for their pretended interest in the property.

Thomas L. Talbot, for complainant.
Edward D. Rand, for respondents.

NELSON, District Judge. By the decree of the supreme judicial
court of Maine, passed in 1837, in the suit of the present plaintiff
against the administrators and heirs at law of Samuel Winter, it
was declared that Winter held the estate at his decease, in trust for
the plaintiff, and the decree further directed that an absolute con-
veyance of the estate should be made by the defendants in that suit
to the plaintiff upon the repayment to the administrators of the
money disbursed by Winter on account of the trust. Of this decree
William E. Greeley, when he took his deed from the administrators.

in 1844, had not only the constructive notice arising from the record of the decree itself, but he had actual notice also, as shown by his being a pew holder and member of the society, and by his interest in and his general acquaintance with its affairs. It is apparent also for the same reasons, and more especially by his permitting the society to occupy the estate as its own property before his deed to the society, that he bought it for the society's benefit, and with the expectation and understanding on both sides that upon repayment of the money advanced for its purchase he would convey the estate to the society in the execution and discharge of the trust. He held the title under the original trust, and evidently intended so to hold it, and to stand in Winter's place as trustee. Having been paid the money advanced, with interest, and having accepted it in full discharge of his equitable lien therefor, his deed was manifestly made in pursuance of and in execution of the trust, and for the purpose of vesting in the society all the title he held as trustee, and he had no right to impose upon the estate a condition not annexed to the trust. That the society never assented to the condition is shown by its protest, entered upon its records immediately after the conveyance by Greeley, and its continual occupancy of the estate as its own under the protest. If the entry by the defendants could have the effect to work a forfeiture, they would still hold the estate under the original trust, and would be bound to convey it to the society without condition. It is therefore decided that the conditional clause in the deed is void, and not binding on the society, and that the defendants acquired no title by their entry for breach of the condition.

Decree for the plaintiff.